IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEE COLLINS                                                                                           PLAINTIFF

V.                                            5:11CV00077 JMM

ROBERT PARKER,
AND THE ARKANSAS
DEPARTMENT OF
CORRECTIONS                                                                                    DEFENDANTS

## ORDER

Pending is the Defendants' Motion to Dismiss. Plaintiff has responded. Plaintiff has also filed an Amended Complaint with the Court's approval. For the reasons set forth below, the Motion is denied in part and granted in part.

I.    Facts

Plaintiff, an African-American male, filed suit on April 1, 2011 against the Defendant Arkansas Department of Corrections ("ADC") for discrimination and retaliation under Title VII of the Civil Rights Act of 1963 and 42 U.S.C. § 1983 and § 1981. In addition, Plaintiff alleges that Defendant Robert Parker ("Parker"), in his individual and official capacity, discriminated against him in violation of 42 U.S.C. § 1983 and § 1981. In his Complaint, Plaintiff specifically states that he performed his job well, he was unjustly accused of falsifying documents and was terminated by Parker. He states that the accusations occurred after Plaintiff testified in a deposition. Plaintiff contends that similarly situated Caucasians were not treated in this manner. According to the Complaint, Plaintiff grieved his termination and was reinstated. Plaintiff filed a timely Charge with the Equal Employment Opportunity Commission ("EEOC") citing retaliation and racial discrimination and received a right to sue letter on February 14, 2011.

The Defendants filed a Motion to Dismiss arguing that the case should be dismissed

because (1) the Eleventh Amendment bars suit against the ADC and Parker in his official capacity; (2) the Complaint does not state sufficient facts as required by Rule 8(a)(2); and (3) Parker is entitled to qualified immunity.

II.     Standard

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")).  Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred.  *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007).  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

III.    Analysis

A.     Eleventh Amendment Immunity

Defendants ask that Plaintiff's claims under § 1983 against the ADC and Parker, in his official capacity, be dismissed because they are barred by sovereign immunity and because these defendants are not considered "persons" under § 1983.  Section 1983 claims against the State of Arkansas and its agencies are barred by the Eleventh Amendment.  *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (citing *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)).  Therefore, Defendants' Motion to Dismiss Plaintiff's § 1983 claim against the ADC is GRANTED.

Damage claims against individual defendants in their official capacities are also barred, either by the Eleventh Amendment or because in these capacities they are not "persons" within the meaning of § 1983.  *Murphy*, 127 F.3d at 754 (citing *Will v. Michigan Dept. Of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).  However, when sued for prospective injunctive relief, state officials in their official capacities are considered "persons" under § 1983, and such relief is not barred by the Eleventh Amendment.  *Murphy*, 127 F.3d at 754 (citing *Treleven v. University of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996)).  Therefore, Defendants' Motion to Dismiss Plaintiff's § 1983 claim for injunctive relief against Parker in his official capacities is DENIED, and Defendants' Motion to Dismiss Plaintiff's § 1983 claims for damages against Parker in his official capacity is GRANTED.

B.     Sufficiency of the Complaint

The Court finds that the Plaintiff has stated sufficient facts to put the Defendants on notice of the claims made against them.

C.    Qualified Immunity

Defendants argue that Parker is entitled to qualified immunity and the claims against him should be dismissed. A two-part analysis is undertaken to determine whether an official is entitled to qualified immunity. *Clemmons v. Armontrout*, 477 F.3d 962, 965 (8th Cir. 2007). The threshold question asks whether the alleged facts demonstrate that the official's conduct violated a constitutional right. *Id*. (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). If the plaintiff meets this standard, the second step is to ask whether this right was clearly established. *Id*. (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

Plaintiff alleges that Parker unjustly accused him of falsifying documents and terminated his employment because he is an African-American. Although Parker was reinstated, he suffered a suspension of his employment and has allegedly been subject to disparate treatment in retaliation for his complaints of discrimination. Taking Plaintiff's allegations as true, as required at this point in the litigation, Plaintiff has stated a constitutional violation by Parker.

As to the second part of the analysis, the Court finds that "[t]he constitutional right to be free from [racial] discrimination is so well established and so essential to the preservation of our constitutional order that all public officials must be charged with knowledge of it." *Goodwin v. Circuit Court of St. Louis County*, 729 F.2d 541, 546 (8th Cir. 1984). Therefore, the Court finds that Defendant's Motion to Dismiss the § 1983 claim against Parker on qualified immunity grounds must be DENIED.

IV.    Conclusion

Defendants' Motion to Dismiss (Docket # 5) is DENIED as to Plaintiff's § 1983 claim

for injunctive relief against Parker in his official capacities, GRANTED as to Plaintiff's § 1983 claims for damages against Parker in his official capacity, and GRANTED as to Plaintiff's § 1983 claim against the ADC.  The remaining issues presented in the Motion to Dismiss are DENIED.

    IT IS SO ORDERED this 2nd day of August, 2011.

                                                  James M. Moody
                                                United States District Judge